UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81036-CIV-COHN

GARY MYHRE,

    Appellant,

v.

TLFO, LLC,

    Appellee.
_____/

## OPINION AND ORDER AFFIRMING RULINGS OF BANKRUPTCY COURT

**THIS CAUSE** is before the Court upon Appellant's Amended Initial Brief [DE 25] ("Brief One") and Appellant['s] Amended Brief (Consolidated) D.E. 970 Order Denying Emergency Motion to Remove Gary Myhre Deposition fr[o]m CM/ECF Docket [DE 27] ("Brief Two"). The Court has reviewed Appellant's Briefs, all supporting and opposing papers, and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court affirms each of the Bankruptcy Court's rulings at issue.

## I.   BACKGROUND

This bankruptcy appeal arises from orders of the Bankruptcy Court relating to a contested claim in the bankruptcy proceedings of Appellee and Debtor TLFO, LLC. On May 9, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. See DE 2-1 at 2. In August 2013, Appellant Gary Myhre filed a Proof of Claim in the bankruptcy proceedings, asserting a claim for $25 million based upon the Debtor's alleged misappropriation of a valuable, confidential business plan Myhre

had created (the "Business Plan"). The Debtor objected to the claim, arguing that it was baseless. See DE 2-1 at 39.

On January 21, 2014, the Bankruptcy Court entered a protective order requiring that the Business Plan be kept confidential, and that it not be disclosed except as authorized by the Bankruptcy Court. DE 2-4 at 5. On January 28, 2014, the Bankruptcy Court held a hearing regarding Myhre's claim, and during that hearing set March 14, 2014, as the date for the close of discovery relating to the claim. DE 14-1 at 20. On March 18, 2014, the Bankruptcy Court granted Myhre's request to extend discovery through March 28, 2014, but informed the parties that there would be no further extensions of time in light of approaching deadlines for confirmation of the Debtor's liquidation plan. DE 2-4 at 47–48; DE 14-3 at 29–33.

Meanwhile, discovery relating to Myhre's claim moved forward. Myhre sat for his deposition on February 20, 2014. See generally DE 2-4 at 147–270 ("Myhre Dep."). Myhre's Business Plan was introduced as an exhibit at the deposition. Id. at 103. On March 19, 2014, Creditor Technology Investors, Inc. sought to file the deposition transcript under seal in the Debtor's bankruptcy proceedings, pursuant to the Bankruptcy Court's prior order requiring that the Business Plan be kept confidential. DE 2-4 at 34–35. However, the Business Plan and other exhibits from the deposition were not included as attachments to the transcript to be filed. Nor had Myhre testified in any detail to the substance of the Plan. Accordingly, at a hearing on April 1, 2014, the Bankruptcy Court determined that its prior order calling for the Business Plan to be kept confidential did not require the sealing of the transcript. DE 3 at 16. At that hearing, the Bankruptcy Court also asked Myhre whether he objected to the public filing of the

transcript. Myhre responded that he had not yet read the transcript, thus he did not know whether he would object, but that he intended to review the transcript in two days. Id.

By April 7, 2014, Myhre had not raised any formal objection to the filing of the deposition transcript, and the Bankruptcy Court entered an order requiring that the transcript be filed publicly. DE 2-4 at 134–35. Technology Investors, Inc. thus filed the transcript on the docket on April 10, 2014. See id. at 138–270.

On April 14, 2014, Myhre filed an emergency motion to remove the transcript from the docket, citing concerns for the confidentiality of his Business Plan. Id. at 271. At a hearing on April 17, 2014, the Bankruptcy Court discussed the motion with Myhre, and rejected Myhre's request because he had not previously objected to the filing of the deposition. DE 4 at 5–7; see also DE 2-4 at 289.

Issues also arose in relation to documentary discovery. On March 24, 2014, only days before the court-ordered close of discovery, Myhre issued a subpoena seeking production of a number of the Debtor's hard drives for forensic examination. DE 2-4 at 79–80. The Debtor responded with a motion for a protective order, arguing that the subpoena represented an overly broad and burdensome fishing expedition. Id. at 71–74. The Bankruptcy Court granted the Debtor's motion and quashed Myhre's subpoena to the extent it sought anything beyond the production of documents relating to the subject of Myhre's claim. Id. at 98–99.

Discovery concluded on March 28, 2014. See DE 2-4 at 47–48. On April 1, 2014, Myhre requested that the Bankruptcy Court reopen discovery to allow for, among other things, forensic examination of the Debtor's computers. Id. at 100–02. The Bankruptcy

3

Court denied Myhre's motion. DE 2-1 at 108. On April 16, 2014, Myhre asked that the Bankruptcy Court reconsider its order declining to allow further discovery. DE 2-4 at 275–82. At a hearing on April 17, 2014, the Bankruptcy Court noted that Myhre had filed his Proof of Claim in August 2013. DE 4 at 12. The Bankruptcy Court expressed that Myhre could have sought discovery at any point after the filing of the claim, and that any failure to obtain evidence supporting his claim resulted from his own delay in waiting almost until the close of discovery to seek to examine the Debtor's computers. Id. at 13, 16. The Bankruptcy Court therefore denied Myhre's request for reconsideration of the denial of additional time for discovery. DE 2-4 at 293–94.

At that same April 17, 2014, hearing, the Bankruptcy Court heard evidence and argument regarding the merits of Myhre's claim. Myhre failed to introduce any evidence or present any witnesses. DE 4 at 17–30. Accordingly, the Bankruptcy Court sustained the Debtor's objection to the claim. DE 2-4 at 295–97.

Myhre subsequently filed three notices of appeal, initiating three discrete appellate proceedings in the District Court. In his first notice of appeal, Myhre contested the Bankruptcy Court's order denying his emergency motion to restrict public access to his deposition transcript. See DE 1. In his second notice of appeal, Myhre sought review of the Bankruptcy Court's denial of his request to reopen discovery for forensic examination of the Debtor's computers. See Case No. 14-81038-COHN, DE 1. In his third notice of appeal, Myhre challenged broadly the Bankruptcy Court's order disallowing his claim, arguing that the Bankruptcy Court's approach to discovery deprived him of his ability to advance his claim. See Case No. 14-81039-COHN, DE 1.

4

On October 23, 2014, this Court consolidated the three appellate proceedings initiated by Myhre into a single action, and allowed Myhre to file an amended, consolidated brief. DE 24. Myhre responded by filing the two briefs before the Court, which each challenge different aspects of the Bankruptcy Court's rulings. In Brief One, Myhre argues that the Bankruptcy Court abused its discretion by failing to permit an extension of discovery for the purpose of a forensic examination of the Debtor's computers. DE 25 at 4, 6–8. In Brief Two, Myhre contends that the Bankruptcy Court violated its prior confidentiality order by allowing his deposition transcript to remain publicly accessible. DE 27 at 3. The Court now will turn to the substance of these arguments Myhre has raised in his briefs. Arguments not raised in the briefs are waived. See, e.g., Bank of Am., N.A. v. Mukamai (In re Egidi), 571 F.3d 1156, 1163 (11th Cir. 2009).

## II.  JURISDICTION

The federal district courts are courts of limited jurisdiction. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). In appeals from the bankruptcy courts, a district court has jurisdiction to review three types of orders: (1) final orders; (2) interlocutory appeals relating to certain orders issued under 11 U.S.C. § 1121(d); and (3) other interlocutory orders, only by leave of the court. Neidich v. Lorenzo (In re Lorenzo), No. 13-23100, 2014 WL 1877408 at *2 (S.D. Fla. May 9, 2014). In this appeal, Myhre challenges the Bankruptcy Court's pretrial discovery orders culminating in the denial of his claim to the Debtor's assets. "[A] Bankruptcy Court order which disallows a claim constitutes a final order which is appealable to . . . the District Court." Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002). Related pretrial discovery orders also become final orders when the Bankruptcy Court finally resolves the claim. In

5

re Baer, No. 11-8062, 2012 WL 2368698 at *1 (B.A.P. 6th Cir. June 22, 2012); see Pacitti v. Macy's, 193 F.3d 766, 776–77 (3d Cir. 1999). Because the Bankruptcy Court has disallowed Myhre's claim, the related discovery orders for which Myhre seeks review are final orders properly before this Court.

### III. LEGAL STANDARD

In reviewing the Bankruptcy Court's merits determinations, this Court examines factual determinations for clear error, and legal conclusions *de novo*. Farris v. Walton (In re Farris), 365 F. App'x 198, 199 (11th Cir. 2010) (per curiam). However, the Bankruptcy Court's orders regulating discovery are reviewed for abuse of discretion. In re Piper Aircraft Corp., 362 F.3d 736, 738 (11th Cir. 2004) (per curiam).

### IV. DISCUSSION

#### A. Appellant's Amended Initial Brief (Brief One)

In Brief One, Myhre argues that the Bankruptcy Court erred when it rejected his request for an extension of discovery to allow forensic examination of the Debtor's computers. However, the Bankruptcy Court did not abuse its discretion in refusing to grant Myhre a successive extension of discovery deadlines. Moreover, the Bankruptcy Court rejected Myhre's request to examine the computers even prior to the close of discovery. Therefore, even were Myhre to obtain an extension of time, he would not be entitled to the discovery he seeks. In other words, Myhre's appeal from the Bankruptcy Court's rejection of his request for an extension of time for discovery is both meritless and moot.

Myhre filed his Proof of Claim in August 2013. The Debtor objected to the claim in October 2013. See DE 2-1 at 39. On January 28, 2014, the Bankruptcy Court established a March 14, 2014, deadline for discovery relating to the claim. DE 14-1

6

at 20–21. The Bankruptcy Court then extended that deadline to March 28, 2014, at Myhre's request, but noted that no further extensions would be granted. DE 2-4 at 47–48.

On March 24, 2014, Myhre issued a subpoena to obtain the computers of personnel affiliated with the Debtor for forensic examination. The Debtor responded by moving for a protective order on the ground that the subpoena was nothing more than a fishing expedition. DE 2-4 at 71–80. The Bankruptcy Court granted the Debtor's motion and quashed the subpoena to the extent it sought anything beyond the production of documents relating to the subject of Myhre's claim. Id. at 98–99. On April 16, 2014, Myhre asked that the Bankruptcy Court reconsider its ruling quashing his subpoena and declining to further extend discovery. Id. at 275–82. The Bankruptcy Court refused. Id. at 291–92.

Myhre's fundamental complaint on this point is that he was not allowed sufficient time for discovery. DE 25 at 6–9. The record refutes this argument. Myhre filed his claim in August 2013. But Myhre did not seek to obtain the Debtor's computers for analysis until mid-March 2014, and only a few days before the court-ordered close of discovery. Generally speaking, a party seeking the extension of a case-management deadline must show good cause for the extension. E.g., Fisher v. SP One, Ltd., 559 F. App'x 873, 878–79 (11th Cir. 2014) (per curiam). Myhre has suggested that he sought to examine the Debtor's computers late in discovery because the need to review the computers became apparent only after he received what he characterizes as untruthful responses to interrogatories. See DE 2-4 at 275–77. But other than alleging that the interrogatory responses contained misrepresentations, Myhre does not explain why the responses

7

revealed for the first time a need to examine the Debtor's computers. The Court therefore rejects Myhre's contention that his delay in seeking the computers was justified by the timing of the Debtor's interrogatory responses. Instead, it appears that Myhre simply did not consider what sorts of evidence he would need to support his claim until late in the day, illustrating a lack of diligence. See DE 4 at 12–14. A failure to complete discovery by court-ordered deadlines resulting from a party's own relaxed approach to litigation does not present good cause for an extension. See, e.g., Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). The Bankruptcy Court did not abuse its discretion in rejecting Myhre's motions for more time to engage in discovery, after Myhre waited almost until the close of discovery to request the materials at issue.

Myhre's appeal on this point fails for another equally important reason. In Brief One, Myhre contends that the Bankruptcy Court erred by denying him additional time to conduct discovery relating to the Debtor's computers. However, the Bankruptcy Court also rejected Myhre's request to examine the computers on the merits. When Myhre served his subpoena for the Debtor's computers, the Debtor sought and received an order quashing the subpoena on the basis that the request was overbroad and burdensome. DE 2-4 at 73, 99. Therefore, even were Myhre to receive additional time to conduct discovery, he would not be entitled to examine the Debtor's computers.

On appeal, Myhre offers no argument as to how the Bankruptcy Court substantively erred when it prohibited him from examining the computers; Myhre therefore has waived the issue. Because Myhre would not be entitled to examine the computers even were he to receive an extension of time for discovery, his appeal from

the denial of an extension of the discovery deadline is moot. For these reasons, the Court will affirm the order of the Bankruptcy Court denying Myhre's request for additional time to conduct discovery.

### B. Appellant['s] Amended Brief (Consolidated) D.E. 970 Order Denying Emergency Motion to Remove Gary Myhre Deposition fr[o]m CM/ECF Docket (Brief Two)

In Brief Two, Myhre argues that the Bankruptcy Court erred when it denied his request to remove the transcript of his deposition from the public docket. However, the Bankruptcy Court correctly found that Myhre had shown no basis for restricting the transcript from public view. The Court thus will affirm the Bankruptcy Court's ruling on this point.

Myhre's claim in the Debtor's bankruptcy proceedings related to the alleged misappropriation of his valuable and confidential Business Plan. On January 21, 2014, in response to Myhre's concerns about maintaining the secrecy of the Business Plan, the Bankruptcy Court entered an order requiring that the Business Plan be kept confidential and only disclosed as authorized by the Bankruptcy Court. DE 2-4 at 4–6.

Myhre sat for a deposition relating to his claim on February 20, 2014. See generally Myhre Dep. The Business Plan was introduced as an exhibit at the deposition. Id. at 103. Creditor Technology Investors, Inc. filed the deposition transcript on the docket on April 10, 2014. However, the Business Plan was not filed publicly with the transcript. Accordingly, the Bankruptcy Court determined that its prior order requiring that the Business Plan be kept confidential did not require the sealing of the transcript, and directed that the transcript be filed publicly on the docket. DE 2-4 at 134–35; DE 3 at 16.

Myhre subsequently moved to remove the transcript from the docket, arguing that it contained confidential information relating to the Business Plan. DE 2-4 at 271. At a hearing on April 17, 2014, the Bankruptcy Court discussed the motion with Myhre, and ultimately rejected Myhre's request, noting that Myhre had failed to object to the public filing of the deposition. DE 2-4 at 289; DE 4 at 5–7. Myhre now asserts that the Bankruptcy Court's decision to allow the public filing of his deposition was erroneous.

Myhre's primary argument for sealing the deposition transcript is that its public display would violate the Bankruptcy Court's prior confidentiality order restricting distribution of his Business Plan. But the Business Plan was not attached as an exhibit to the transcript. Nor did the transcript reflect the details of the Business Plan. When asked about the Business Plan at his deposition, Myhre responded with incomplete, evasive answers, and at times refused to answer altogether. See Myhre Dep. at 42, 75–76, 78. Accordingly, the public filing of the transcript did not disclose any sensitive details of the Business Plan, and did not contravene the Bankruptcy Court's confidentiality order. Further, the confidentiality order clearly provided that the Bankruptcy Court retained the authority to allow further disclosure of the Business Plan. DE 2-4 at 5.

Myhre offers no substantial justification for the sealing of the transcript aside from his misplaced reliance on the confidentiality order, and the Court perceives no good reason that the transcript should be sealed. The transcript does not appear to contain any particularly sensitive information, due in part to Myhre's unresponsive answers to many of the questions posed to him. The courts operate under a general presumption that proceedings should be conducted publicly. Chicago Tribune Co. v.

Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam). Absent a showing of good cause, a court should not seal documents in the record. See, e.g., Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545–46 (7th Cir. 2002). In view of the presumption that court records be available for public view and in the absence of a sufficient countervailing interest, the Bankruptcy Court did not abuse its discretion in refusing to seal the transcript of Myhre's deposition.

## V.   CONCLUSION

For the reasons discussed herein, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Denying Motion to Remove Gary Myhre Deposition from [C]M/ECF Docket, Order Denying Gary Myhre's Emergency Motion to Reconsider Computer and Handwriting Analysis, and Order Sustaining Trustee's Objection to Claim No. 31 are **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of April, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Gary Myhre (*pro se*)